**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
CLARICE FELDMAN,                                  )
)
Plaintiff,          )
)
v.                               )          Case No. 15-cv-01967-EGS
)
MURIEL E. BOWSER, in her official capacity        )
as Mayor of the District of Columbia, et al.,     )
)
Defendants.        )
_____)

**MEMORANDUM OF THE BIPARTISAN LEGAL ADVISORY GROUP
OF THE U.S. HOUSE OF REPRESENTATIVES AS *AMICUS CURIAE***

The Bipartisan Legal Advisory Group of the U.S. House of Representatives ("House")

respectfully urges the Court to deny defendants' motions to dismiss,[1] and to reach the merits of

plaintiff's claim that the District of Columbia Local Budget Autonomy Act of 2012, D.C. Law

19-321 (publ. in D.C. Register Feb. 15, 2013) ("Local Budget Act"), is invalid.  *See* Compl. for

Declaratory & Injunctive Relief, Count One (Nov. 6, 2015) (ECF No. 1).

**INTRODUCTION**

As the Court is aware, in 1973, in the exercise of its "exclusive Legislati[ve]" authority

over the District of Columbia, U.S. Const. art. I, § 8, cl. 17, Congress delegated to the District

certain "home rule" authority by way of the District of Columbia Self-Government and

Governmental Reorganization Act, Pub. L. No. 93-198, 87 Stat. 774 (Dec. 24, 1973), codified as

amended at D.C. Code §§ 1-201.01 – 1-207.71 (2016) ("Home Rule Act").  In doing so,

Congress specifically reserved for itself plenary authority over the District's spending, including

---

[1]  *See* Def. Muriel E. Bowser's Mot. to Dismiss (Feb. 1, 2016) (ECF No. 10) ("Mayor Motion");
Def. Jeffrey Dewitt's Mot. to Dismiss (Feb. 1, 2016) (ECF No. 9) ("CFO Motion").

its spending of locally-derived funds.  *See* Home Rule Act § 446 (stating, prior to purported amendment by Local Budget Act, that "[n]o amount may be obligated or expended by any officer or employee of the District of Columbia government unless such amount has been approved by Act of Congress, and then only according to such Act.").  Because the Appropriations Clause mandates that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law," U.S. Const. art. I, § 9, cl. 7, the District's authority to obligate and spend funds, including locally-derived funds, depends entirely on the annual enactment by Congress of legislation appropriating such funds.  *See, e.g.*, *United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("[T]he expenditure of public funds is proper *only when authorized by Congress* . . . .") (emphasis added).

The Local Budget Act purports to change these constitutional and statutory mandates by, in particular, replacing Congress's *affirmative* role in legislating regarding the "local portion of the [District's] annual budget" with a *passive* role in which the District may expend locally-derived funds in the *absence* of any affirmative congressional action.  D.C. Law 19-321, § 2(e). In other words, the Local Budget Act turns the Appropriations Clause upside down, and is inconsistent with Congress's plenary authority over all District appropriations.  The only constitutionally permissible manner by which the District may achieve budget autonomy with respect to locally-derived funds is for Congress to convey that authority to the District by way of the normal legislative process – and Congress has not yet done that.

In an effort to prevent this Court from reaching the merits of Ms. Feldman's challenge to the validity of the Local Budget Act, both defendants have moved to dismiss.  The Mayor says Ms. Feldman lacks standing, the case is moot, the Court lacks subject matter jurisdiction, and the Court should abstain from reaching the merits.  *See* Mayor Mot. at 6-11, 12-16, 16-17, 17-23.

For his part, the District's Chief Financial Officer ("CFO") has moved to dismiss only on standing and abstention grounds. *See* CFO Mot. at 9-14, 14-16.

While the House agrees with Ms. Feldman that she has standing, that her claim is not moot, and that this Court has jurisdiction, *see* Pl.'s Opp'n to Defs.' Mots. to Dismiss at 9-13, 13, 17-20 (Mar. 9, 2016) (ECF No. 15), the House does not write separately regarding those issues. The House does write separately in support of Ms. Feldman's contention that this Court should reach the merits of her claim and should not abstain. *See id.* at 13-17.

## ARGUMENT

In their zeal to circumvent the one constitutionally-mandated process for achieving local budget autonomy, and to secure some judicial stamp of approval on the Local Budget Act, the organs of the District government have litigated in a manner that best can be described as something less than fully adversarial. In particular, the CFO, alone and in concert with Mayor Gray prior to Mayor Bowser's election, repeatedly has chosen litigation options which suggest that his ultimate aim was not to win the case by advancing all available colorable arguments (the role of a fully adversarial defendant), but rather to secure a decision on the merits in a case in which *only* the organs of the District government were parties. Indeed, as we explain in more detail below, as soon as a local court had been persuaded to bless the Local Budget Act, as the Superior Court did recently, *see* Omnibus Order, *Council of the Dist. of Columbia, et al. v. DeWitt*, No. 2014 CA 2371 B (D.C. Super. Ct. Mar. 18, 2016) ("Omnibus Order"), the CFO immediately abandoned the field, thereby precluding an appeal.

1. On April 17, 2014, the District Council sued the District Mayor and the District CFO in the District's Superior Court in what District Delegate Eleanor Holmes Norton candidly described as a "friendly" lawsuit. *See* Press Release, Delegate Norton Statement on D.C.

Council Lawsuit on Budget Autonomy Referendum (Apr. 17, 2014), *available at*

http://norton.house.gov/media-center/press-releases/norton-statement-on-dc-council-lawsuit-on-

budget-autonomy-referendum ("[T]here should be no mistaking the Council's action for the

usual adversarial lawsuit.  Today's action is friendly litigation . . . .").

    2.   As the Court is aware, that action was removed to this Court, and this Court

determined that the Local Budget Act was unlawful.  *See Council of the Dist. of Columbia v.

Gray*, 42 F. Supp. 3d 134, 155-56 (D.D.C. 2014), *vacated sub nom. Council of the Dist. of

Columbia v. Bowser*, No. 14-7067, 2015 WL 3450417 (D.C. Cir. May 27, 2015).  In the course

of the litigation before this Court, the CFO and Mayor Gray never raised any jurisdictional

arguments, such as lack of standing on the part of the Council or lack of ripeness,

notwithstanding the availability to them of those arguments.  *See, e.g.*, Mem. . . . of the [House]

as *Amicus Curiae* at 18 n.5 (D.D.C. May 8, 2014) (ECF No. 32) ("House Amicus").

    3.   On appeal, the CFO and Mayor Gray again declined to raise jurisdictional arguments,

even though the D.C. Circuit invited them to raise standing arguments.  *See* Order, *Council of the

Dist. of Columbia v. Gray*, No. 14-7067 (D.C. Cir. Oct. 10, 2014) (ECF No. 1516602)

("[C]ounsel should be prepared to address at oral argument whether the Council of the District of

Columbia has Article III standing to maintain this action.").  Instead, the CFO and Mayor Gray

took the highly unusual step of filing a supplemental brief *in support* of the Council's standing,

insisting that the Court must "decide this case on the merits."  Suppl. Br. for Appellees Mayor

Vincent Gray & [CFO] Jeffrey DeWitt at 1, *Council of the Dist. of Columbia v. Gray*, No. 14-

7067 (D.C. Cir. Oct. 15, 2014) (ECF No. 1517115).

    4.   Subsequently, after the Council's appeal had been fully briefed and argued, newly-

elected Mayor Bowser switched sides.  *See* Def. Muriel Bowser's Resp. to the Court's Feb. 20,

2015 Order & Unopposed Mot. for Leave to File a Suggestion of Mootness & Mot. to Dismiss, *Council of the Dist. of Columbia v. Gray*, No. 14-7067 (D.C. Cir. March 16, 2015) (ECF No. 1542578).  She then suggested that the appeal was moot because "there is no longer a live controversy between the Council and the Mayor."  *Id.* at 1.  The CFO – still a defendant-appellee and purportedly a party whose position was adverse to that of the Council below and on appeal – did not contest Mayor Bowser's suggestion of mootness.  *See* Resp. of [CFO] Jeffrey S. Dewitt to Mayor Muriel Bowser's Suggestion of Mootness & Mot. to Dismiss, *Council of the Dist. of Columbia v. Gray*, No. 14-7067  (D.C. Cir. April 6, 2015) (ECF No. 1546072).

5.  At about the same time, the CFO actively joined with the Council and Mayor Bowser to *oppose* the intervention of Ms. Feldman – the plaintiff in this action – whose intervention, had it been permitted, certainly would have eliminated any possible questions about mootness and the propriety of the appeal proceeding.  *See* Joint Opp'n to Clarice Feldman's Mot. to Intervene, *Council of the Dist. of Columbia v. Gray*, No. 14-7067 (D.C. Cir. April 15, 2015) (ECF No. 1547398).

6.  Subsequently, the D.C. Circuit dismissed the appeal – with no opinion and no explanation.  *See* Order, *Council of the Dist. of Columbia v. Bowser*, No. 14-7067, 2015 WL 3450417 (D.C. Cir. May 27, 2015) (ECF No. 1554308).  Thereafter, the case was remanded to the District's Superior Court where, once again, the CFO pointedly declined to raise any jurisdictional arguments, such as lack of standing and/or lack of ripeness, even though those arguments again were available to him.  *See, e.g.*, *UMC Dev., LLC v. Dist. of Columbia*, 120 A.3d 37, 42 (D.C. 2015) ("Although the District of Columbia courts were created under Article I of the U.S. Constitution, we generally adhere to the case and controversy requirement of Article III, and look to federal standing jurisprudence when considering the issue of a plaintiff's

standing."); *Dist. of Columbia v. Craig*, 930 A.2d 946, 967 (D.C. 2007) (dismissing claim on ripeness grounds).

7.  Finally, as noted above, the Superior Court, without argument, put its stamp of approval on the Local Budget Act on March 18, 2016.  *See* Omnibus Order.  Within hours of that ruling, the CFO – the sole defendant, the party whose position supposedly was adverse to that of the Council and Mayor Bowser, and the sole party with a right to appeal – announced that he would *not* appeal.  *See* Press Release, *STATEMENT of CHIEF FINANCIAL OFFICER JEFFREY S. DEWITT on the SUPERIOR COURT DECISION on the BUDGET AUTONOMY ACT* (Mar. 18, 2016), attached as Ex. A; *see also* Press Release, *Attorney General Racine Says He Will Not Seek Appeal of Budget Autonomy Act Decision* (Mar. 22, 2016), attached as Ex. B.[2]

---

[2]  The Superior Court's ruling is badly flawed.  While a detailed critique of that ruling must await briefing on the merits in this case, the House here notes two of its more glaring analytical flaws.  *First*, the Superior Court manufactured out of whole cloth an ambiguity around the word "existing" in § 603(a) of the Home Rule Act.  *See* Omnibus Order at 30.  While § 303 of the Home Rule Act permits the District to amend certain portions of its Charter, *see* D.C. Code § 1-203.03, § 303(d) of that Act prohibits the District from using that amendment procedure to "enact any law or affect any law with respect to . . . limitations specified in section[] . . . 603." *Id.* § 1-203.03(d).  Section 603 of the Act, which concerns the District's borrowing and spending authority, states clearly that the Home Rule Act "shall [not] be construed as making any change in existing law, regulation or basic procedure and practice relating to the respective roles of the Congress, [and] the President, . . . in the preparation, review, submission, examination, authorization, and appropriation of the total budget of the District of Columbia government."  *Id.* § 1-206.03(a).  The plain import of these provisions, as this Court has noted, "is that [§ 603(a)] prevents changes to the role of Congress and the President with respect to six areas related to the District's budget – preparation, review, submission, examination, authorization, and appropriation."  *Gray*, 42 F. Supp. 3d at 147.  The Superior Court, however, took those perfectly straightforward statutory provisions and manufactured an ambiguity:  "The use of the word 'existing' suggests that [§] 603(a) . . . by implication, does not preclude *future* efforts to amend the District's budgetary process."  Omnibus Order at 30 (emphasis added).  That construction of § 603(a) is facially nonsensical.  By enacting legislation that precluded the District from amending its Charter with respect to "the respective roles of the Congress, [and] the President . . . in the preparation, review, submission, examination, authorization and appropriation of the total budget," Congress could not possibly or logically have intended to permit the District to amend its Charter to rewrite those arrangements as soon as the ink was dry on the Home Rule Act, which is exactly what the Superior Court effectively concluded.

(*Continued . . .*)

The Local Budget Act is a naked and unabashed effort to strip Congress of powers vested in it by Article I of the Constitution, and to circumvent the constitutionally-prescribed legislative process that the District and its supporters previously and repeatedly have acknowledged is the one constitutionally-appropriate way to proceed.  *See* House Amicus at 11-15.  As such, the validity of the Local Budget Act should be decided by an independent federal court in a proceeding that is truly – and fully – adversarial, and in which the jurisdiction of the Court is clear.  This is such a case, while the Superior Court proceeding was not.  And nothing evinces this lack of full adversity more clearly than the CFO's hasty exit from the Superior Court proceeding within hours of that Court's issuance of its March 18 ruling.

For all these reasons, the House urges this Court not to abstain; to deny defendants' motions to dismiss; and to proceed to address the merits of Ms. Feldman's claim.  This will ensure that the Local Budget Act will be considered in a proceeding that is fully – not just somewhat – adversarial; a proceeding in which someone other than an organ of the District government will be a party; and a proceeding in which further review, should that become appropriate, will be available to a party other than an organ of the District government.

---

*Second*, the Superior Court misconstrued the Home Rule Act's creation of the D.C. General Fund when it implied that that Fund constituted a permanent appropriation by Congress of the District's locally-derived revenue.  *See id.* at 36-37 ("As the General Fund merely contains financial resources derived from local revenues, the Government of the District of Columbia is able to spend its local revenues held in the General Fund without triggering the Anti-Deficiency Act.").  There is no such thing as an implied appropriation of any kind, let alone an implied *permanent* appropriation.  *See, e.g.*, 31 U.S.C. § 1301(d) ("A law may be construed to make an appropriation out of the Treasury . . . only if the law specifically states that an appropriation is made . . . ."); General Accountability Office, Principles of Federal Appropriations Law at 2-16 (3d ed. 2004) ("[T]he rule is that the making of an appropriation must be expressly stated."); *see also Gray*, 42 F. Supp. 3d at 153 ("[T]he weight of authority, and the text of the statute itself, suggests that the creation of the D.C. General Fund did not constitute a permanent appropriation.").

Respectfully submitted,

*/s/ Kerry W. Kircher*
KERRY W. KIRCHER
General Counsel (D.C. Bar No. 386816)
WILLIAM PITTARD
Deputy General Counsel (D.C. Bar No. 482949)
TODD B. TATELMAN (VA Bar No. 66008)
Senior Assistant Counsel
ELENI M. ROUMEL (SC Bar No. 75763)
Assistant Counsel
ISAAC ROSENBERG (D.C. Bar No. 998900)
Assistant Counsel
KIMBERLY HAMM (D.C. Bar No. 1020989)
Assistant Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)

*Counsel for the Bipartisan Legal Advisory Group,*
*U.S. House of Representatives*

March 31, 2016

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                     )
CLARICE FELDMAN,                         )
                                                     )
                          Plaintiff,               )
                                                     )
          v.                                         )          Case No. 15-cv-01967-EGS
                                                     )
MURIEL E. BOWSER, in her official capacity )
as Mayor of the District of Columbia, et al., )
                                                     )
                          Defendants.           )
_____)

# EXHIBIT A

GOVERNMENT OF THE DISTRICT OF COLUMBIA

OFFICE OF THE CHIEF FINANCIAL OFFICER

OFFICE OF TAX AND REVENUE



**FOR IMMEDIATE RELEASE**                         **CONTACT: David Umansky**

**March 18, 2016**                              **(202) 641-6024 or (202) 255-9895**

### STATEMENT of CHIEF FINANCIAL OFFICER JEFFREY S. DEWITT on the SUPERIOR COURT DECISION on the BUDGET AUTONOMY ACT

There have been considerable differences of opinion about budget autonomy for the District.  Judges, District officials, lawyers advocating for every point of view, community organizations and individual citizens all had different positions on the legality of the Budget Autonomy Act.

As the District's Chief Financial Officer, I require clarity on all financial matters in order to protect the District's financial integrity.  For this reason, I needed a definitive ruling from the court on this matter.

Now that we have received direction from Superior Court, the city can develop its budget independently and not as a Federal agency.

This ruling will benefit the District in many ways, including eliminating the rating agencies' concerns about the impact of Federal shutdowns and the historical delays in the Federal budget process.

I look forward to working with the Mayor and Council to make this new process efficient and effective.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
CLARICE FELDMAN,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )        Case No. 15-cv-01967-EGS
                                          )
MURIEL E. BOWSER, in her official capacity )
as Mayor of the District of Columbia, et al., )
                                          )
                    Defendants.           )
_____)

# EXHIBIT B

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE ATTORNEY GENERAL
### oag.dc.gov



**FOR IMMEDIATE RELEASE:** Tuesday, March 22, 2016

   

**Contact:**   Rob Marus, Communications Director: (202) 724-5646; robert.marus@dc.gov
Andrew Phifer, Public Affairs Specialist: (202) 741-7652; andrew.phifer@dc.gov

# Attorney General Racine Says He Will Not Seek Appeal of Budget Autonomy Act Decision

**WASHINGTON, D. C.** – Attorney General Karl A. Racine today issued the below statement on D.C. Superior Court Judge Brian Holeman's March 18 decision upholding the legality of the District's Budget Autonomy Act:

**"Throughout this litigation, all interested parties – the Mayor, the Council, the Chief Financial Officer, and the Office of the Attorney General – have shared the ultimate goal of gaining budget autonomy for the District, but disagreed on the legal means for achieving that goal. The Superior Court of the District of Columbia has now ruled that the Budget Autonomy Act is legal. Given the CFO's decision not to appeal, the Office of the Attorney General will not seek appellate review of the Superior Court's decision in this case. "**

*###*